UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE BAKER,

                                 CASE NO. 4:11-CV-14086
            Plaintiff,      JUDGE MARK A. GOLDSMITH
                                 MAGISTRATE JUDGE PAUL J. KOMIVES

v.

LNV CORPORATION,

            Defendant,
_____/

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTIONS FOR REMAND (Doc. Entries 4 and 5)**

**I.**     **RECOMMENDATION:** The Court should deny plaintiff's October 20, 2011 motions for remand (Doc. Entries 4 and 5).

**II.**     **REPORT:**

**A.**     **Background**

This case originated in state court. Case No. 11-3460-CH (Macomb County Circuit Court). Plaintiff Lonnie Baker filed this action against LNV Corporation on August 19, 2011. Doc. Ent. 1-1. Plaintiff appears to allege causes of action based upon (I) Mich. Comp. Laws § 600.3204;[1] (II) quiet title; and (III) fraud. Doc. Ent. 1-1 at ¶¶ 5-12, 13-15, 16-23.[2]

---

[1]*See* Mich. Comp. Laws § 600.3204 ("Foreclosure of mortgage by advertisement; prerequisites; installments as separate and independent mortgages; redemption; record chain of title; loan modification proceedings generally").

[2]It does not appear that plaintiff intends to allege a violation of a subsection of the Consumer Credit Protection Act (CCPA), codified at 15 U.S.C. §§ 1601-1693r, such as the Truth In Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, "which imposes disclosure requirements on creditors." *Sullivan v. Greenwood Credit Union*, 520 F.3d 70, 73 (1st Cir. 2008) (emphasis added).

On October 5, 2011, Judge Goldsmith referred this case to me for all pretrial proceedings. Doc. Ent. 3.

**B.     Pending Motions**

Currently before the Court are (1) defendant's September 30, 2011 motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. Ent. 2) and (2) plaintiff's October 20, 2011 motion for remand under 28 U.S.C. § 1447 (Doc. Ent. 4) and (3) plaintiff's October 20, 2011 objection to notice of removal of civil action (Doc. Ent. 5).

**C.     Analysis**

**1.** As an initial matter, I address the motions at bar in the form of a report and recommendation. *See Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 517 (6th Cir. 2001) ("We agree with the Third and Tenth Circuits that remand motions are dispositive and, as such, can only be entered by district courts. While a magistrate judge is not explicitly precluded in § 636(b)(1)(A) from hearing and determining a motion to remand a case to state court, this court does not limit dispositive orders to those enumerated in § 636(b)(1)(A). Instead, we apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion. Applying that test, and adopting the analysis of the Third and Tenth Circuits, we too find that a remand order is the functional equivalent of an order to dismiss. The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.").

**2.** As for the substance of the matters at bar, I note that plaintiff's October 20, 2011 motion to remand (Doc. Ent. 4) and October 20, 2011 objection (Doc. Ent. 5) are essentially identical.

Each seeks remand of this matter to Macomb County Circuit Court. Doc. Ent. 4 at 1, 3; Doc. Ent. 5 at 3.

Plaintiff first objects to the notice of removal on the basis of timeliness (Doc. Entries 4 & 5 ¶ 1), pointing out that the summons and complaint were served on August 19, 2011, but the notice of removal was filed on September 20, 2011. Title 28 U.S.C. § 1446 ("Procedure for removal") provides in relevant part that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the *receipt* by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b) (emphasis added).[3] In this regard, defendant represents that it "received the Summons and Complaint on August 23, 2011 by certified mail." Doc. Ent. 1 at 1 ¶ 2. Therefore, defendant's notice of removal of civil action was due no earlier than September 22, 2011.[4] In other words, defendant's September 20, 2011 notice of removal of civil action was timely filed.

Plaintiff's remaining objections to removal are based upon jurisdiction. *See* Doc. Entries 4 & 5 ¶¶ 2-6. For example, plaintiff questions the propriety of defendant removing this case to federal court and then challenging the adequacy of the pleading in the complaint by its motion to

---

[3]Defendant claims it has complied with 28 U.S.C. § 1446(b) and 28 U.S.C. § 1446(d). Doc. Ent. 1 ¶¶ 4, 9.

[4]This is so, even if M.C.R. 2.107 ("SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS") provides that "[m]ailing a copy under this rule means enclosing it in a sealed envelope with first class postage fully prepaid, addressed to the person to be served, and depositing the envelope and its contents in the United States mail. *Service by mail is complete at the time of mailing*." M.C.R. 2.107(C)(3) (emphasis added).

3

dismiss. Doc. Entries 4 & 5 ¶ 2. In so doing, plaintiff cites *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986), pointing out that "[s]ince a defendant may remove a case only if the claim could have been brought in federal court, 28 U.S.C. § 1441(b), moreover, the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Id*. at 808. Plaintiff argues that if his complaint is inadequate, "it [cannot] be removed."

However, the issue in *Merrell Dow Pharmaceuticals Inc.* was "whether the incorporation of a federal standard in a state-law private action, when Congress has intended that there not be a federal private action for violations of that federal standard, makes the action one 'arising under the Constitution, laws, or treaties of the United States,' 28 U.S.C. § 1331." *Merrell Dow Pharmaceuticals Inc.*, 478 U.S. at 805.[5] 28 U.S.C. § 1331 concerns jurisdiction based upon the presence of a *federal question*.

---

[5] Plaintiff also cites *American Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951), Doc. Entries 4 & 5 ¶ 3, wherein the Supreme Court concluded that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under [28 U.S.C. §] 1441(c)." *American Fire & Cas. Co.*, 341 U.S. at 14. Section 1441(c) provides that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

Also, plaintiff cites *City of Chicago v. International College of Surgeons*, 522 U.S. 156 (1997). Doc. Entries 4 & 5 ¶ 5. Therein, the Supreme Court considered "whether a lawsuit filed in the Circuit Court of Cook County seeking judicial review of decisions of the Chicago Landmarks Commission may be removed to federal district court, where the case contains both federal constitutional and state administrative challenges to the Commission's decisions." *City of Chicago*, 522 U.S. at 159. In sum, the Supreme Court concluded that "the District Court properly exercised federal question jurisdiction over the federal claims in [plaintiff/respondent] ICS' complaints, and properly recognized that it could thus also exercise supplemental jurisdiction over [plaintiff/respondent] ICS' state law claims." *Id*. at 166.

Here, defendant's September 20, 2011 notice of removal is based upon 28 U.S.C. § 1332 ("Diversity of citizenship; amount in controversy; costs").  As defendant points out, plaintiff is a citizen of the State of Michgian and defendant is not.  Also, plaintiff's complaint seeks damages in the amount of $109,575.38, which exceeds $75,000.  *See* Doc. Ent. 1-1 at 5-6, Doc. Ent. 1 ¶¶ 5-7; *see also* 28 U.S.C. § 1332(a)(1).  Therefore, the Court's original jurisdiction is based upon diversity of citizenship.  This is true, even though plaintiff points out that the Macomb County Circuit Court is not precluded "from hearing cases that exceed $75,000.00 in controversy."  Doc. Entries 4 & 5 ¶ 4.

As for the Court's discretion to exercise supplemental jurisdiction (Doc. Entries 4 & 5 ¶¶ 3, 6),[6] I note that plaintiff's reliance on *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 345 (1988) is misplaced.  *See* Doc. Entries 4 & 5 ¶ 6.  In *Carnegie-Mellon University*, the Supreme Court considered "whether a federal district court has discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendent state-law claims remain."  *Carnegie-Mellon University*, 484 U.S. at 345.  Here, there are no federal law claims in this case.  Jurisdiction is based solely on diversity of citizenship under 28 U.S.C. § 1332.

Finally, 28 U.S.C. § 1441 ("Actions removable generally") provides that ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  As defendant points out, "[t]he Macomb County Circuit Court is located in

---

[6]*See* 28 U.S.C. § 1367 ("Supplemental jurisdiction").

the Eastern District of Michgian, Southern Division."  Doc. Ent. 1 ¶ 8; *see also* Doc. Ent. 1 ¶ 10; 28 U.S.C. § 1441(d).

For these reasons, the Court should not remand this case to Macomb County Circuit Court, the state court in which this case originated.  My conclusion is unchanged by plaintiff's statements that "although diversity may exist the state claims [LNV] has violated are under the umbrella of the Michgian Compiled Laws[,] [which] gives Michigan the right to hear this case[,]" or that "[t]he subset of plaintiff['s] claims clearly fall under the State of Michigan jurisdiction[.]"  Doc. Entries 4 & 5 at 3 ¶¶ 5, 6.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                      s/Paul J. Komives
                                      PAUL J. KOMIVES
                                      UNITED STATES MAGISTRATE JUDGE

Dated: 10/28/11

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on October 28, 2011.

                        s/Eddrey Butts
                        Case Manager