UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE BAKER,

        Plaintiff,

                                           CASE NO. 4:11-cv-14086

v.                                  JUDGE MARK A. GOLDSMITH
                                      MAGISTRATE JUDGE PAUL KOMIVES

LNV CORPORATION,

        Defendants.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**
**(docket #2)**

I.    <u>RECOMMENDATION</u>: The Court should grant defendant's motion to dismiss.  However, this grant should be without prejudice to plaintiff filing an amended complaint within 30 days (or another time set by the Court) of the Court's order, and the Court should withhold entering judgment until the expiration of that time.

II.    <u>REPORT</u>:

A.    *Background*

       Plaintiff Lonnie Baker, proceeding *pro se*, commenced this action on August 19, 2011 by filing a complaint in the Macomb County Circuit Court.  Defendant LNV Corporation removed the action to this Court on September 20, 2011, based on the diverse citizenship of the parties. Plaintiff's complaint appears to concern a mortgaged property.  Plaintiff alleges that defendants have failed to show that it is the note and mortgage holder, and also appears to assert that defendant improperly foreclosed by advertisement under MICH. COMP. LAWS § 600.3204.  Plaintiff asserts claims for quiet title and fraud.  The matter is currently before the Court on defendant's motion to dismiss, filed on September 30, 2011.  Defendant argues that plaintiff's complaint fails to set forth

any factual allegations, and fails to state a claim for quiet title or fraud.  Plaintiff filed a response to the motion on November 30, 2011.  Plaintiff argues that removal was improper because defendant is domiciled in Michigan, and thus there is no diversity jurisdiction.  Plaintiff also requests leave to amend his complaint if the Court should conclude that his complaint fails to state a claim.  Plaintiff also filed an objection to defendant's motion to dismiss on May 21, 2012.  For the reasons that follow, the Court should conclude that it has jurisdiction over this action.  The Court should also conclude that plaintiff's complaint fails to state a claim upon which relief may be granted.  However, in lieu of dismissing the action, the Court should permit plaintiff to file an amended complaint that satisfies FED. R. CIV. P. 8(a).

B.     *Jurisdiction*

Plaintiff first contends that this action was improperly removed from state court because this Court lacks jurisdiction.  The Court should reject this argument.  Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Defendant removed this action asserting that the Court had original jurisdiction based on the diverse citizenship of the parties under 28 U.S.C. § 1332, which provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  The diversity jurisdiction statute requires complete diversity; it "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."  *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Here, there is no dispute that

2

plaintiff is a citizen of Michigan.  In its removal notice, defendant asserts that it is Nevada corporation, and that its principal place of business is in Texas.  Plaintiff offers nothing to dispute these assertions.  For purposes of the diversity jurisdiction statute, a corporation is deemed to be a citizen of the state in which it is incorporated and the state in which it maintains its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  A corporation has only one principle place of business, *see Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-93 (2010), and a corporation's presence in the state of a plaintiff's residence does not defeat diversity jurisdiction.  *See Wierman v. Casey's Gen'l Stores*, 638 F.3d 984, 1004 (8th Cir. 2011); *see also*, *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (a corporation is "not deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction.").  Thus, the mere fact that defendant may have an office in Michigan or conduct business in the state does not render it a citizen of Michigan.  Because plaintiff has offered no reason to question defendant's representation that it is a citizen of Nevada and Texas, the parties are of diverse citizenship.  And because plaintiff seeks $109,575.38 in damages, the jurisdictional threshold of $75,000 in controversy is satisfied.  Accordingly, the Court should conclude that it has jurisdiction over this action pursuant to § 1332.

C.      *Sufficiency of the Complaint*

Defendant contends that plaintiff's complaint fails to state a claim upon which relief may be granted.  The Court should agree.  However, in lieu of granting defendant's motion to dismiss, the Court should grant plaintiff an opportunity to amend the complaint by ordering a more definite statement.

1.      *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided

for in Fed. R. Civ. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id.* at 47. Rather, "a short and plain statement of the claim" pursuant to Fed. R. Civ. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47. However, as the Supreme Court has recently explained, bare legal conclusions need not be accepted by the Court, and a pleading must contain sufficient factual allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly* , 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557 (brackets omitted).

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule

4

8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (parallel citations omitted).

To the extent that plaintiff alleges fraudulent conduct on the part of defendant, such allegations must satisfy the heightened pleading requirement of Rule 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).  To satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (internal quotation omitted).

2.   *Analysis*

Here, plaintiff's complaint fails to state a claim upon which relief may be granted.  The Court need not delve into the elements of plaintiff's claims for quiet title and fraud, because the complaint is wholly devoid of any factual allegations.  The entirety of plaintiff's complaint consists of statements of general legal principles and conclusory assertions that defendant failed to do certain things.  The complaint does not provide any factual information about the property, mortgage, or

foreclosure at issue, or allege any specific acts or omissions on the part of defendant. Plaintiff's unadorned, conclusory allegations of harm, with no factual enhancement, fails to state a claim for relief. *See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555. Accordingly, the Court should grant defendant's motion to dismiss.

However, this dismissal should be without prejudice to plaintiff filing an amended complaint within 30 days of the Court's order (or some other reasonable time to be determined by the Court), and the Court should withhold entering judgment until the expiration of that period. Where a complaint fails to state a claim, a court should generally give a *pro se* party an opportunity to amend the complaint unless it plainly appears that the plaintiff will be unable to allege sufficient facts to state a claim. *See Brown v. Matauszak*, 415 Fed. Appx. 608, 614-15 (6th Cir. 2011); *Gordon v. England*, 354 Fed. Appx. 975, 981-82 (6th Cir. 2009). Indeed, even in the case of represented parties the Sixth Circuit has "held that 'where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (quoting *Equal Employment Opportunity Comm'n v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993) (in turn quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991))). Because plaintiff's complaint is devoid of any factual allegations, it cannot be said that plaintiff will be unable to state a claim upon which relief may be granted. Accordingly, the Court should grant plaintiff an opportunity to amend the complaint.

D.     *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff's complaint fails to state a claim upon which relief may be granted. Accordingly, the Court should grant defendant's motion

to dismiss.  However, the Court should grant plaintiff an opportunity to amend his complaint, and should withhold entering judgment until the expiration of the time set by the Court for plaintiff to do so.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 7/13/12

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on July 13, 2012.

s/Eddrey Butts
Case Manager

8