UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE BAKER,

        Plaintiff,

        v.

LNV CORPORATION,

        Defendants.

_____/

CASE NO. 4:11-cv-14086
JUDGE MARK A. GOLDSMITH
MAGISTRATE JUDGE PAUL KOMIVES

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
### (docket #23)

I.    <u>RECOMMENDATION</u>: The Court should grant defendant's motion to dismiss.

II.    <u>REPORT</u>:

A.    *Background*

Plaintiff Lonnie Baker, proceeding *pro se*, commenced this action on August 19, 2011 by filing a complaint in the Macomb County Circuit Court. Defendant LNV Corporation removed the action to this Court on September 20, 2011, based on the diverse citizenship of the parties. Plaintiff's complaint appears to concern a mortgaged property. Plaintiff alleges that defendants have failed to show that it is the note and mortgage holder, and also appears to assert that defendant improperly foreclosed by advertisement under MICH. COMP. LAWS § 600.3204. Plaintiff asserts claims for quiet title and fraud. Defendant filed a motion to dismiss the complaint on September 30, 2011, arguing that plaintiff's complaint fails to set forth any factual allegations, and fails to state a claim for quiet title or fraud. Plaintiff filed a response to the motion on November 30, 2011. Plaintiff argued that removal was improper because defendant is domiciled in Michigan, and thus there is no diversity jurisdiction. Plaintiff also requested leave to amend his complaint if the Court

should conclude that his complaint fails to state a claim.  On July 13, 2012, I filed a Report recommending that the Court conclude that removal was proper and that it has jurisdiction over this action.  I also recommended that the Court grant defendant's motion to dismiss, while providing leave to plaintiff to file an amended complaint complying with Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff did not file objections to my Report and Recommendation, but did file an amended complaint on August 13, 2012.  On August 24, 2012, the Court entered an Order adopting my Report in part, denying defendant's motion to dismiss as moot, and permitting plaintiff's amended complaint to be filed.

Read broadly, plaintiff's amended complaint appears to assert causes of action based on fraud, quiet title, MICH. COMP. LAWS § 600.2109, the Real Estate Settlement Procedures Act (RESPA), the "REMIC law", Articles 3 and 9 of the Uniform Commercial Code (UCC), unjust enrichment, the Fair Debt Collection Practices Act (FDCPA), the Truth in Lending Act (TILA), and abuse of process.  The matter is currently before the Court on defendant's motion to dismiss the amended complaint, filed on September 10, 2012.  Defendant argues that, like his initial complaint, plaintiff's amended complaint fails to satisfy the minimum pleading standards of Rule 8, and that each of plaintiff's legal claims fails as a matter of law.  Plaintiff filed a response to the motion on October 10, 2012, and defendant filed a reply on October 24, 2012.  For the reasons that follow, the Court should grant defendant's motion to dismiss.

B.    *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6).  In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting

2

his claim that would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The

party asserting the claim is not required to specifically set out the facts upon which he or she bases

his claim.  *Id*. at 47.  Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P.

8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See*

*Conley*, 355 U.S. at 47.  However, as the Supreme Court has recently explained, bare legal

conclusions need not be accepted by the Court, and a pleading must contain sufficient factual

allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a
> "short and plain statement of the claim showing that the pleader is entitled to relief."
> As the Court held in [*Bell Atlantic Corp. v.*] *Twombly* , 550 U.S. 544 [(2007)], the
> pleading standard Rule 8 announces does not require "detailed factual allegations,"
> but it demands more than an unadorned, the-defendant-unlawfully-harmed-me
> accusation. *Id*., at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A
> pleading that offers "labels and conclusions" or "a formulaic recitation of the
> elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint
> suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*.,
> at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*.,
> at 570. A claim has facial plausibility when the plaintiff pleads factual content that
> allows the court to draw the reasonable inference that the defendant is liable for the
> misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a defendant has acted
> unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with"
> a defendant's liability, it "stops short of the line between possibility and plausibility
> of 'entitlement to relief.' " *Id*., at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet
> that a court must accept as true all of the allegations contained in a complaint is
> inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of
> action, supported by mere conclusory statements, do not suffice. *Id*., at 555
> (Although for the purposes of a motion to dismiss we must take all of the factual
> allegations in the complaint as true, we "are not bound to accept as true a legal
> conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule
> 8 marks a notable and generous departure from the hyper-technical, code-pleading
> regime of a prior era, but it does not unlock the doors of discovery for a plaintiff
> armed with nothing more than conclusions. Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining

3

> whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (parallel citations omitted).

To the extent that plaintiff alleges fraudulent conduct on the part of defendant, such allegations must satisfy the heightened pleading requirement of Rule 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). To satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (internal quotation omitted).

C.    *Analysis*

Here, plaintiff's complaint fails to state a claim upon which relief may be granted. The Court need not delve into the elements of plaintiff's claims, because as with his first complaint the amended complaint is wholly devoid of any intelligible factual allegations. The entirety of plaintiff's complaint consists of statements of general legal principles and conclusory assertions that defendant failed to do certain things. Plaintiff's unadorned, conclusory allegations of harm, with no factual enhancement, fails to state a claim for relief. *See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555. However, the Court need not rely on plaintiff's failure to comply with Rule 8(a)

4

because, as explained below, each of plaintiff's claims fails as a matter of law.

1.   *Fraud*

The title of plaintiffs' complaint references "Mortgage Assignment Fraud/Securities Fraud/Servicing Fraud." Compl., at 1. The complaint also makes various assertions that defendant committed fraud or that certain documents are fraudulent. Apart from simply asserting fraud, however, the complaint does not allege any specific fraudulent actions on the part of defendant or any of its agents or employees. Plaintiffs do not allege, as required by Rule 9(b), who made fraudulent statements or omissions, what those statements were, when they were made, or how he relied on them to his detriment. Plaintiffs' conclusory allegations of fraud are insufficient to state a claim. *See Harvey v. PNC Bank*, No. 12-CV-10620, 2012 WL 2524285, at *2 (E.D. Mich. June 29, 2012) (Hood, J.); *Elson v. Deutsche Bank Nat'l Trust Co.*, No. 11-14100, 2012 WL 1902916, at *10 (E.D. Mich. May 25, 2012) (Rosen, J.). Accordingly, defendant is entitled to dismissal of the fraud claims.[1]

2.   *MCLA § 600.2109*

In the title of his complaint, plaintiff asserts that defendant violated MICH. COMP. LAWS § 600.2109, which provides:

> All conveyances and other instruments authorized by law to be filed or recorded, and which shall be acknowledged or proved according to law, and if the same shall have been filed or recorded, the record, or a transcript of the record, or a copy of the instrument on file certified by the officer in whose office the same may have been

---

[1]To the extent plaintiff alleges fraud or other problems in the assignment of his mortgage, no claim for relief is raised. Any problem in an assignment of a mortgage or note is a matter between those parties, but does not relieve plaintiff of the indebtedness or provide a basis upon which plaintiff can challenge the assignment. *See Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp. 2d 724, 736-37 (E.D. Mich.) (Feikens, J.), *aff'd*, 399 Fed. Appx. 97, 102-03 (6th Cir. 2010).

> filed or recorded, may be read in evidence in any court within this state without further proof thereof; but the effect of such evidence may be rebutted by other competent testimony.

MICH. COMP. LAWS § 600.2109.  Apart from the fact that plaintiff has failed to allege any facts relating to this claim, § 600.2109 is wholly inapplicable.  This statutory provision, part of the Revised Judicature Act, establishes a rule for the introduction of evidence in court.  It has no applicability to the recording of instruments nor does it create any cause of action.  *See Ethridge v. Countrwide Home Loans, Inc.*, No. 12-cv-10705, 2012 WL 5389694, at *6 (Oct. 16, 2012) (Michelson, M.J.), *magistrate judge's report adopted*, 2012 WL 5389343 (E.D. Mich. Nov. 2, 2012) (Edmunds, J.); *Easton v. Fannie Mae*, No. 12-CV-10663, 2012 WL 1931536, at *3 (E.D. Mich. May 29, 2012) (Steeh, J.); *Stafford v. Mortgage Elec. Registration Sys., Inc.*, No. 12-10798, 2012 WL 1564701, at *4 (E.D. Mich. May 2, 2012) (Cohn, J.).  Accordingly, defendant is entitled to dismissal of any claim based on § 600.2109.

    3.    *Quiet Title*

    Plaintiff also asserts a claim for quiet title.  "Although styled as a separate claim for relief, quiet title is a remedy and not a separate cause of action."  *Steinberg v. Federal Home Loan Mortg. Corp.*, 901 F. Supp. 2d 945, 955 (E.D. Mich. 2012) (Hood, J.).  Plaintiff bears the initial burden of demonstrating an interest in the property.  *See id*.  In order to properly allege a quiet title action, plaintiff must meet the requirements of MICH. CT. R. 3.411.  *See Dingman v. OneWest Bank, FSB*, 859 F. Supp. 2d 912, 917 (E.D. Mich. 2012) (Cohn, J.).  Rule 3.411, in turn, provides that "[t]he complaint must allege (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim."  MICH. CT. R. 3.411(B)(2).  Here, plaintiff does not allege any facts demonstrating a

6

legitimate title dispute, or that would show that he has a superior interest in the property. To the extent plaintiff attacks the mortgage industry in general or any foreclosure proceedings that may have occurred, his challenge "'does not address a legitimate title dispute.'" *Mekani v. Homecomings Financial, LLC*, 752 F. Supp. 2d 785, 796 (E.D. Mich. 2010) (Borman, J.) (quoting *Anaya v. Advisors Lending Grp.*, No. 09-1191, 2009 WL 2424037 at *7 (E.D. Cal. Aug. 5, 2009)). "Plaintiff's failure to 'provide [any] legal or factual justification for his quiet title claim . . .' necessitates dismissal of his quiet title claim." *Id.* (quoting *Urbina v. Homeview Lending Inc.*, 681 F. Supp.2d 1254, 1262 (D. Nev. 2009)).

Further, plaintiff lacks standing to raise any state law claims challenging the validity of the foreclosure. Under Michigan law, a property owner in default has six months following a foreclosure sale in which to redeem the property by paying the amount owing, *see* MICH. COMP. LAWS § 600.3240(8), and once this period expires "all of plaintiff's rights in and title to the property are extinguished." *Overton v. Mortgage Electronic Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009); *see also*, MICH. COMP. LAWS § 600.3236. Thus, "[u]pon the expiration of the redemption period, all of [plaintiff's] rights in and title to the property were extinguished, and she no longer had a legal cause of action to establish standing." *Awad v. General Motors Acceptance Corp.*, No. 302692, 2012 WL 1415166, at *4 (Mich. Ct. App. Apr. 24, 2012). Although plaintiff undoubtedly had standing under Article III of the Constitution, *see Houston v. U.S. Bank Home Mortg. Wisc. Servicing*, 505 Fed. Appx. 543, 548 (6th Cir. 2012), with respect to any state law claims plaintiff is raising she must also satisfy any state law standing requirements applicable to her claim. *See Williams v. Pledged Property II, LLC*, ___ Fed. Appx. ___, ___ n.2, 2012 WL 6200270, at *2 n.2 (6th Cir. Dec. 13, 2012). Because plaintiff did not

redeem within the six month redemption period, he lacks standing under state law to pursue any state law claims challenging the foreclosure and sheriff's sale, and thus cannot show superior title for a quiet title action. *See id*. at *3.

    4.    *RESPA*

Plaintiff also alleges, in conclusory fashion, that defendant violated the Real Estate Settlement Procedures Act. This claim fails, for two reasons. First, plaintiff has not alleged any facts to show that defendant violated RESPA. He does not cite any specific provisions of RESPA that were violated, or explain which notices or disclosures required by the Act were not provided. Thus, plaintiff's complaint fails to state a claim. *See Shaya v. Countrywide Home Loans, Inc.*, No. 10-13878, 2011 WL 1085617, at *4 (E.D. Mich. Mar. 22, 2011) (Cox, J.). Further, any claims based on RESPA are barred by the statute of limitations. The applicable limitations provision requires that a claim be brought either within either 3 years or 1 year, depending on the type of violation alleged. *See* 12 U.S.C. § 2614. By the terms of the statute, the limitations period runs from the date of the "occurrence," not the date the violation is discovered, and the date of the occurrence is the date on which the loan documents are executed. *See Harris v. CitiMortgage, Inc.*, No. 11-1591, 2012 WL 2935594, at *6 (D.D.C. July 19, 2012) (citing *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 395 (5th Cir. 2003); *Palmer v. Homecomings Fin., LLC*, 677 F. Supp. 2d 233, 237-38 (D.D.C. 2010)); *Poskin v. TD Banknorth, N.A.*, 687 F. Supp. 2d 530, 552-53 (W.D. Pa. 2009). Here, the loan was closed in 2003, and plaintiff filed his state court complaint in 2011, well outside the three year limitation period. Accordingly, the Court should conclude that defendant is entitled to dismissal of plaintiff's RESPA claim.

    5.    *TILA*

8

"The Truth in Lending Act was enacted to promote the informed use of credit by consumers by requiring meaningful disclosure of credit terms." *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 163 F.3d 948, 950 (6th Cir. 1998) (citation omitted); *see also*, 15 U.S.C. § 1601.  Plaintiff alleges that defendants violated the TILA by failing to make various disclosures required by the Act and the regulations promulgated under the Act.  Defendants argue that plaintiff's claim is barred by the statute of limitations.

TILA provides a civil cause of action for damages arising from TILA violations in 15 U.S.C. § 1640.  That section, however, provides that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).[2]  By the plain language of the statute, plaintiff's TILA claim accrued at the time of the alleged failure to disclose, that is, when the loan was consummated in 2003.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011).  Because plaintiff's complaint was not filed until 2011, seven years after the limitations period expired, it is barred by § 1640(e).  *See Coyer v. HSBC Mortg. Servs., Inc.*, 701 F.3d 1104, 1109 (6th Cir. 2012); *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 897 (E.D. Mich. 2011) (Cohn, J.).[3]

---

[2]A borrower may assert TILA violations beyond the one year period defensively to obtain recoupment or set-off in an action by the lender to collect the debt.  *See* 15 U.S.C. § 1640(e).  Because plaintiff is basing his own cause of action on the TILA violations, this portion of § 1640(e) is inapplicable.

[3]Under 15 U.S.C. § 1635(f), a borrower has a continuing right to rescission of the loan agreement if TILA disclosures are never made that is not subject to the one year limitations period in § 1640(e).  *See Mills v. EquiCredit Corp.*, 172 Fed. Appx. 652, 655 (6th Cir. 2006).  This right of rescission itself, however, expires at the earlier of three years after the date of consummation or the sale of the property.  *See id.*; 15 U.S.C. § 1635(f).  Because it has been over three years since the transaction was consummated, plaintiff's right of rescission has expired, even if defendant completely failed to make TILA disclosures.

6.      *FDCPA*

Plaintiff also appears to be attempting to assert a claim under the Fair Debt Collection Practices Act.  As with his RESPA claim, plaintiff does not set forth any factual allegations supporting this claim, or allege what provisions of the FDCPA were violated, and in what manner.  Further, it is clear that plaintiff could not maintain a claim under the FDCPA   By its terms, the statute applies only to "debt collectors," *see Glazer v. Chase Home Finance LLC*, 704 F.3d 453, 457 (6th Cir. 2013), which is defined as a person who "attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Thus, "a creditor is not a debt collector under the FDCPA."  *Joyner v. MERS*, 451 Fed. Appx. 505, 507 (6th Cir. 2011) (citing *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734-35 (6th Cir. 2007)).  Defendant is not attempting to collect a debt owed another.  Rather, by virtue of the assignment, defendant owns the debt and is plaintiff's creditor.  Thus, defendant is not subject to the FDCPA and is entitled to dismissal of plaintiff's FDCPA claim.

7.      *REMIC Law*

Plaintiff also asserts a violation of the statutes and regulations governing Real Estate Mortgage Investment Conduits.  This claim is without merit.   "'REMIC' is a real estate mortgage investment conduit, i.e., an entity owning a collateralized pool of real estate mortgages and related securities that satisfy certain technical requirements in the Internal Revenue Code." *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 761 F. Supp.2d 504, 525 fn. 9 (S.D. Tex. 2011).  The REMIC statutes and regulations, in other words, are tax laws.  Even if they were violated, the harm was to the government, not to plaintiff, and plaintiff therefore has no viable cause of action based on defendant's alleged failure to comply with these statutes and regulations.  *See Moore v.*

*Bank of America*, No. 12-12907, 2012 WL 6194225, at *5 (Nov. 13, 2012) (Whalen, M.J.),

*magistrate judge's report adopted*, 2012 WL 6191499 (E.D. Mich. Dec. 12, 2012) (Friedman, J.);

*Stafford v. Mortgage Electronic Registration Systems, Inc.*, No. 12-10798, 2012 WL 1564701, at

*4 (E.D. Mich. May 2, 2012) (Cohn, J.) (citing cases).   Accordingly, defendant is entitled to

dismissal of this claim.

       8.    *UCC*

      Plaintiff next appears to assert a claim based on Articles 3 and 9 of the Uniform Commercial

Code.   Again plaintiff has failed to cite any specific provision that was violated, or to allege any

facts to support a claim based on Article 3.   Further, any such claim is without merit as a matter of

law.   "Article 3 of the UCC does not apply to a mortgage for real property, because it is not a

negotiable instrument."   *Pace v. Bank of America, N.A.*, No. 12-12014, 2012 WL 5929931, at *2

(E.D. Mich. Nov. 27, 2012) (O'Meara, J.); *see also*, *Jaboro v. Wells Fargo Bank, N.A.*, No. 10-

11686, 2010 WL 5296939, at *6 (E.D. Mich. Dec. 20, 2010) (Duggan, J.).   Further, Article 9 is

inapplicable because "Article 9 of the UCC applies to personal property, not real property."   *Pace*,

2012 WL 5929931, at *2.   Accordingly, defendant is entitled to dismissal of plaintiffs' UCC claim.

       9.    *Unjust Enrichment*

      Defendant is also entitled to dismissal of any claim by plaintiff based on a theory of unjust

enrichment.   It is well established under Michigan law that a quasi-contract or implied contract

theory, such as unjust enrichment, can only be maintained if the transaction in question is not the

subject matter of an express contract.   *See Barber v. SMH (U.S.), Inc.*, 202 Mich. App. 366, 375, 509

N.W.2d 791, 796 (1993); *Kuhfeldt v. Liberty Mut. Ins. Co.*, 833 F. Supp. 632, 638 (E.D. Mich. 1993)

("There cannot be an express and an implied contract covering the same subject matter at the same

time.").  Here, there was an express contract covering the mortgage and loan to plaintiff, and thus

an unjust enrichment claim is not viable.  *See McCann v. U.S. Bank, N.A.*, 873 F. Supp. 2d 823, 847

(E.D. Mich. 2012) (Ludington, J., adopting Report of Binder, M.J.); *Collins v. Wickersham*, 862 F.

Supp.2d 649, 657-58 (E.D. Mich. 2012) (Duggan, J.).

      10.    *Abuse of Process*

      Plaintiff also asserts an abuse of process claim, apparently based on defendant's failure to

disclose faulty or fraudulent paperwork.  This claim is without merit.   "To recover upon a theory

of abuse of process, a plaintiff must plead and prove (1) an ulterior purpose and (2) an act in the use

of process which is improper in the regular prosecution of the proceeding."  *Friedman v. Dozorc*,

412 Mich. 1, 30, 312 N.W.2d 585, 594 (1981).  As the Michigan Supreme Court explained, the

"action for abuse of process lies for the improper use of process after it has been issued, not for

maliciously causing it to issue."  *Friedman*, 412 Mich. at 31, 312 N.W.2d at 595 (internal quotation

omitted).  Plaintiff does not identify any legal process that was abused by defendant, nor has he

identified any "corroborating act that demonstrates [defendant's alleged] ulterior motive."  *Bonner

v. Chicago Title Ins. Co.*, 194 Mich. App. 462, 472, 487 N.W.2d 807, 812 (1992).  Thus, his claim

fails as a matter of law.  *See Connolly v. Deutsche Bank Nat'l Trust Co.*, No. 12-12517, 2012 WL

5051022, at *4 (E.D. Mich. Oct. 18, 2012).

      11.    *Service Protection Agreement/HAMP*

      In his response, plaintiff appears to assert a claim that defendant violated the Service

Protection Agreement and the Home Affordable Modification Program (HAMP) in failing to provide

him with a loan modification.  This claim fails, for two reasons.  First, plaintiff did not raise a claim

based on HAMP in his complaint.  A non-moving party plaintiff may not raise a new legal claim for

the first time in response to the opposing party's motion to dismiss.  *See Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005).  Second, HAMP and its accompanying regulations do not require mortgage servicers to modify any particular loans, *see Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010) (Duggan, J.), and even if they did neither the statute nor the accompanying regulations provide a plaintiff with a private right of action against a mortgage servicer, *see id.*; *see also*, *Ahmad v. Wells Fargo Bank, N.A.*, 861 F. Supp. 2d 818, 826-30 (E.D. Mich. 2012) (Cox, J., adopting Report of Michelson, M.J.).  Accordingly, the Court should conclude that, to the extent a HAMP claim is raised by plaintiff, defendant is entitled to dismissal of that claim.

D.      *Conclusion*

        In view of the foregoing, the Court should conclude that plaintiff's complaint fails to state a claim upon which relief may be granted.  Accordingly, the Court should grant defendant's motion to dismiss.[4]

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

        The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party

---

[4]Although, as noted in my first Report, a court should ordinarily not dismiss a *pro se* complaint without granting the plaintiff an opportunity to amend, "granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."  *Koehl v. Greene*, No. 9:06-CV-0478, 2007 WL 2846905, at *3 (N.D.N.Y. Sept. 26, 2007).

might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


_____
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: June 25, 2013


### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Lonnie Baker and Counsel of Record on this date.

Dated: June 25, 2013                                s/ Lisa C. Bartlett____
                                                     Case Manager

14